UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>LAS VEGAS DEVELOPMENT GROUP, LLC,<br><br>Defendant(s). | Case No. 2:15-CV-1701 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiffs JP Morgan Chase Bank, N.A. ("Chase"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Federal Housing Finance Authority's ("FHFA") motion for summary judgment.[1] (ECF No. 21). Defendant Las Vegas Development Group, LLC ("LVDG") filed a response (ECF No. 25), and plaintiffs filed a reply (ECF No. 26).

**I.    Introduction**

Plaintiffs filed their complaint on September 3, 2015. (ECF No. 1). That document describes the August 23, 2010, foreclosure sale wherein Giavanna Homeowners Association (the "HOA") purchased the real estate at 3628 Lakeside Villas Avenue, North Las Vegas, Nevada. (*Id.*). On March 31, 2011, the HOA conveyed its interest via quitclaim deed to defendant. (*Id.*).

Plaintiffs seek declaratory relief for their quiet title claim against LVDG, arguing that FHFA, which has become Freddie Mac's conservator, has not consented to the HOA foreclosure sale's extinguishment of its secured interest in the property, as required by federal law. (*Id.*).

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[1] According to the complaint, Chase appears to be the servicer of a purchase loan. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp*., 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

. . .

### III.   Discussion

FHFA insists that § 4617(j)(3) of the Housing and Economic Recovery Act of 2008 ("HERA") preempts state law and bars the foreclosure of the underlying property without FHFA's consent. (ECF No. 21); *see also* 12 U.S.C. § 4617(j)(3). Thus, plaintiffs believe that they are entitled to summary judgment because the HOA's foreclosure sale could not disrupt Freddie Mac's property interest. (ECF No. 21).

Under Nevada Revised Statute ("NRS") 116.3116, a homeowner's association ("HOA") has a lien on a property for assessments levied against that property and such liens are prior to all other liens and encumbrances, subject to exceptions. Nev. Rev. Stat. 116.3116(1)–(2). In *SFR Investments Pool 1*, the Nevada Supreme Court found that a HOA's foreclosure of a super-priority lien extinguishes a first recorded security interest. 334 P.3d 408, 409 (Nev. 2014).

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511, *et seq*. In September 2008, FHFA placed Freddie Mac into conservatorship "for the purpose of reorganizing, rehabilitating, or winding up [its] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145, 1148 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 "to the extent that a [homeowner association's] foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship").

Here, Freddie Mac owned a mortgage loan secured by the underlying property from November 29, 2006, to the current day. (ECF No. 21-2). Additionally, Freddie Mac entered

James C. Mahan
U.S. District Judge

conservatorship through HERA on September 6, 2008.  (ECF No. 21).  These dates clearly precede the HOA's foreclosure auction.  (ECF No. 1).

Additionally, FHFA asserts evidence that it did not consent to any extinguishment of Freddie Mac's property interest.  *See* (ECF No. 21-8) (elucidating FHFA's stance on HOA super-priority lien foreclosures); *see also Opportunity Homes, LLC v. Fed. Home Loan Mortg. Corp.*, 169 F. Supp. 3d 1073, 1078 (D. Nev. 2016) (finding that an identical FHFA statement indicated its lack of consent to foreclosure as well as the likely nonexistence of evidence to the contrary).

Defendant's response to plaintiffs' motion is unpersuasive.  (ECF No. 25).  The court is satisfied that, in the circumstances of this case, Dean Meyer's declaration and explanation of plaintiffs' relevant exhibits—as well as those exhibits themselves—sufficiently demonstrate Freddie Mac's ownership of a secured interest in the property predating the HOA's foreclosure sale.[2]  *See* (ECF No. 21-1).  In light of the evidence on the record and the plain language of § 4617(j)(3), the HOA's foreclosure sale has not extinguished Freddie Mac's interest in the property at issue.[3]

**IV.   Conclusion**

In sum, the HOA's foreclosure sale on the underlying property in this case cannot extinguish Freddie Mac's secured interest in that property.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for summary judgment, (ECF No. 21) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED March 9, 2017.


UNITED STATES DISTRICT JUDGE

---

[2]  Notably, defendant does not question this individual's competency to testify as to Freddie Mac's ownership of a secured interest in the property.  *See* (ECF No. 25).

[3]  Because this analysis is dispositive of the present issue, this court declines to apply the Ninth Circuit's binding precedent in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016).